GRAND LODGE OF THE STATE OF NEW JERSEY, ORDER SONS OF ITALY IN AMERICA, PROSECUTOR, v. SIMON BLUM, COLLECTOR OF REVENUE OF THE TOWN OF NUTLEY, NEW JERSEY, DEFENDANT.

Submitted February 1, 1932—Decided June 13, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor, *T. Mancusi-Ungaro* (*Herbert A. Kuvin,* of counsel).

No brief or other argument was submitted for the defendant.

PER CURIAM.

This writ of *certiorari* brings up for review an assessment of taxes for the years 1925, 1926, 1927, 1928, 1929 against block No. 522, lot No. 1, property of the prosecutor, and also a tax sale of the property so assessed for the year 1925.

The uncontroverted proofs show that (1) on July 29th, 1920, the prosecutor was duly incorporated in accordance with the law of the State of New Jersey as an association for non-pecuniary benefit, and among its objects was to establish an orphan asylum for children of its members; (2) that it erected and completed prior to December 19th, 1924, the asylum building on the land in question owned by it not exceeding five acres; (3) that in December, 1924, orphans were admitted to the asylum; (4) that the land and building and the effects therein were used for no other purpose than an orphanage; (5) that the lands and buildings and the orphans are maintained from revenue derived from yearly assessments.

of the members of the prosecutor and by donations from such members; (6) that no revenue is obtained from the lands and buildings or the orphans; (7) that during the years 1924 to 1929, both included, the lands and buildings were used for no other purpose than an orphanage; (8) that during the year 1924 the property was assessed by the town, but upon application duly made on the ground of exemption, the assessment was remitted and canceled; (9) that the prosecutor had no information of any further assessment until July, 1931, when it learned that the property was sold for non-payment of taxes for the year 1925, and also learned of the assessments for the years 1926 to 1929, both inclusive; (10) that the property of the prosecutor was sold for taxes for the year 1925 to the town of Nutley; that no other interests are involved.

We think it plain that under section 208-66D (203) (*Cum. Supp. Comp. Stat., p.* 3483), the several assessments as well as the tax sale should be set aside, but without costs, and it is so ordered.