ALPINE MASONIC TEMPLE ASSOCIATION, A CORPORA-
TION OF NEW JERSEY, PROSECUTOR, v. STATE BOARD
OF TAX APPEALS, BERGEN COUNTY BOARD OF TAXA-
TION AND BOROUGH OF CLOSTER, RESPONDENTS.

Argued January 20, 1937—Decided March 16, 1937.

Before Justices PARKER, LLOYD and DONGES.

For the prosecutor, *Judson B. Salisbury.*

For the respondents,

PER CURIAM.

We concur in the general view taken by the state board in
this case, that the property in question is not within the
exemptions allowed in the act of 1931. The particular claim
in this case seems to be covered by our opinion in *Trustees
of Bergen County Odd Fellows Association* v. *Hackensack,*
118 *N. J. L.* 1.

As to the fraternal lodge cases cited in the brief, the case
of *Trenton* v. *Masonic Temple Association,* as reported in
8 *N. J. Mis. R.* 778; 151 *Atl. Rep.* 753, did intimate that a
building owned by a masonic lodge and used in lodge work
was exempt; but this was *obiter dictum* and was expressly
reserved on appeal. 108 *N. J. Law* 419; 158 *Atl. Rep.* 395.
The opinion of *Newark* v. *State Board of Tax Appeals, &c.,*
9 *N. J. Mis. R.* 599; 155 *Atl. Rep.* 9, states no facts
on which the decision is predicated. In the case of *Grand
Lodge, Sons of Italy* v. *Blum,* 10 *N. J. Mis. R.* 758; 160

*Atl. Rep.* 881, the property was exclusively used as an orphan asylum. The Y. M. C. A. and Y. W. C. A. cases clearly exhibit a charitable use.

By two statutes in *Pamph. L.* 1936 *ch.* 46, *p.* 129; *N. J. Stat. Annual* 1936, § 208-66d(217), and *Pamph. L.* 1936, *ch.* 158, *p.* 370; *N. J. Stat. Annual* 1936, § 208-66d(217), the legislature has exempted property of fraternal organizations not used for profit, as also that of Young Men's Christian Associations, &c.: but those acts are not applicable to prior cases.

The reversal of local exemption by the county board may have been irregular, but we do not pass on the point as the matter was heard on the general merits before the state board and again in this court.

The writ is dismissed.